

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 12 2005
APR 12 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GILBERTO HERNANDEZ and RUTH ELIZONDO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 05 CV 0870 |
| SCHERING CORPORATION, SCHERING-PLOUGH CORPORATION, and SCHERING AG, | ) ) ) ) |
| Defendants, | ) Hon. Blanche M. Manning |
| and | ) ) |
| VICTORIA L. MCGILL, R.N., JANET C. PUGLIESE, R.N., DR. SULEIMAN HINDI, DR. LEONARD SPISHAKOFF and MACNEAL MEMORIAL HOSPITAL, | ) ) ) ) ) ) |
| Respondents in Discovery. | ) |

## NOTICE OF FILING

To: See Attached Service List

Please take notice that I have this date filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Plaintiffs' Reply in Support of Motion to Remand**, attached hereto.

Dated at Chicago, Illinois, this April 12, 2005.

PAUL B. EPISCOPE, LLC.

## CERTIFICATE OF SERVICE

The undersigned on oath states that he served this notice by mailing a copy of the above-referenced documents to those persons listed on the attached service list by depositing said documents in the U.S. mail at 77 West Washington Street, Chicago, Illinois on or before 5:00 p.m. on April 12, 2005, with proper postage prepaid.

**PAUL B. EPISCOPE, LLC.**
Attorneys for Plaintiff
77 West Washington St, Ste. 300
Chicago, Illinois 60602
Attorney I.D. 20075

SERVICE LIST

**Schering Corporation and Schering-Plough Corporation, and Janet Pugliese, R.N., Respondent in Discovery**
Richard J. Phelan
Michael M. Conway
Michael J. McMorrow
Foley & Lardner, LLP
321 N. Clark Street
Suite 2800
Chicago, Illinois 60610
T- 312/832-4500
F - 312/832-4700

**Suleiman Hindi, M.D., Respondent in Discovery**
Steven C. Steinback
Anderson, Rasor & Partners, L.L.P.
55 E. Monroe Street
Suite 3650
Chicago, Illinois 60603
T -312/673-7800
F - 312/673-7781



FILED
APR 1 2 2005
APR 12 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GILBERTO HERNANDEZ and RUTH ELIZONDO, <br><br> Plaintiffs, <br><br> v. <br><br> SCHERING CORPORATION, SCHERING-PLOUGH CORPORATION, and SCHERING AG, <br><br> Defendants, <br><br> and <br><br> VICTORIA L. MCGILL, R.N., JANET C. PUGLIESE, R.N., DR. SULEIMAN HINDI, DR. LEONARD SPISHAKOFF and MACNEAL MEMORIAL HOSPITAL, <br><br> Respondents in Discovery. | No. 05 CV 0870 <br><br> Hon. Blanche M. Manning |

## REPLY IN SUPPORT OF MOTION TO REMAND

NOW COME the Plaintiffs, GILBERTO HERNANDEZ and RUTH ELIZONDO, on a Special and Limited Appearance, by their attorneys, PAUL B. EPISCOPE, LLC., and in reply to Defendants, SCHERING CORPORATION and SCHERING-PLOUGH CORPORATION's Memorandum in opposition to Plaintiff's Motion to Remand state as follows:

### ARGUMENT

As this Court is aware, Defendants, SCHERING CORPORATION and SCHERING-PLOUGH CORPORATION removed this matter to the Northern District of Illinois on the basis

1

of diversity of citizenship pursuant to 28 U.S.C. §1332, and further claim that the amount in controversy exceeds $75,000.00. Plaintiffs have moved to remand on the grounds that Defendants were untimely in filing their Notice of Removal or, alternatively, that they were premature in filing same.

Since the Defendants have sought to invoke federal diversity jurisdiction, it is paramount for Defendants to demonstrate that complete diversity and the amount in controversy requirements were met <u>at the time of removal</u>. *Campbell v. Bayou Steel Corporation*, 338 F. Supp.2d 896, 900 (N.D. Ill. 2004). The Defendants alone bear this burden. Further, the removal statute is to be narrowly interpreted and any ambiguity should be resolved in favor of the state. *Gutierrez v. Schoen Machinery USA, Inc.*, No. 02 C 6509, 2003 U.S. Dist. Lexis 1903 (N.D. Ill. Feb. 4, 2003).

Defendants normally must file a Notice of Removal within 30 days after service of the complaint. 28 U.S.C. §1446(b). In this case, Defendants were served September 1, 2004. Defendants allege, however, that the Plaintiffs' complaint did not provide information which permitted Defendants to determine if the case was removable. In that situation, the Notice of Removal was to be filed within 30 days after Defendants received "a copy of an amended pleading, motion, order or <u>other paper from which it may be first ascertained that the case is one which is or has become removable</u>." 28 U.S.C. §1446(b) (emphasis added). Defendants argue that Plaintiffs' Response to their Request to Admit was the "other paper" which first allowed them to ascertain the case was removable. Defendants are incorrect.

## **DIVERSITY OF CITIZENSHIP**

It is well settled that citizenship for purposes of 28 U.S.C. §1332(a) means domicile.

2

See, *Gilbert v. David*, 235 U.S. 561, 569, 59 L.Ed. 360, 35 S.Ct. 164 (1915); *Williamson v. Osenton*, 232 U.S. 619, 624, 58 L.Ed. 758, 34 S.Ct. 442 (1914). To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere. *Gilbert v. David, supra*, 235 U.S. at 569-70.

To establish the diversity element of 28 U.S.C. §1332(a), Defendants would need to establish Plaintiffs' domicile. Defendants claim the Plaintiffs' Response to the Request to Admit first provided a basis to establish the citizenship element for removal. Plaintiffs believe their domicile could have been ascertained from the medical records which were available to Defendants by December 31, 2004. As Plaintiffs pointed out in their Motion to Remand, Defendants were in possession of medical records from several health care providers of GILBERTO HERNANDEZ, in particular the Chicago Lighthouse for the Blind, Berwyn MRI, MacNeal Memorial Hospital and Dr. Leonard Spishakoff. These records show both Plaintiffs' presence in the state and that Illinois was their home. (See Exhibits J, K, L, M and N attached to Plaintiffs' Motion to Remand). Defendants, therefore, had information with respect to the citizenship aspect of removal, and the 30 days was triggered as of December 31, 2004 by these "papers."

With respect to Plaintiffs' Response to the Request to Admit, which Defendants assert was their first "paper" indicating the case was removable, said response was timely filed on January 18, 2005. Although Judge Michael Hogan's order indicated the response due date was January 17, 2005, the State Court was closed that day due to a holiday, and Plaintiffs filed their response on the next day. Chapter 5, Section 70/1.11 of the Illinois Compiled Statutes governs

3

the time computation for filing pleadings and specifically states that holidays are not to be included in the calculation. 5 ILCS 70/1.11 (1969). Where an office is closed on the final day for the doing of any act provided by law, that day is excluded in computing the time for the doing of that act. See *Pettigrove v. Parro Const. Corp.*, 44 Ill. App.2d 421, 194 N.E.2d 521 (1964). Due to the fact that January 17, 2005 was Martin Luther King Day and the State Courts were closed, Plaintiffs' Response was timely filed on January 18, 2005.

Defendants contend that Plaintiffs' Response to the Request to Admit is a deemed admission. Defendants, however, never brought a motion to have any of the Requests deemed to be admissions, which is required under Illinois Supreme Court Rule 216(c). The Rule states in part, "[a]ny objection ... to an answer shall be heard by the court upon prompt notice and motion of the party making the request." (87 Ill. 2d R. 216(c)). See, *Johannsen v. General Foods Corporation*, 146 Ill. App. 3d 296, 297, 496 N.E.2d 544 (3d Dist. 1986); *Vulcan Metals Products, Inc. v. Schultz*, 180 Ill. App. 3d 67, 72, 535 N.E.2d 933 (3d Dist. 1989). Plaintiffs' responses were timely filed, were properly signed by the Plaintiffs, and no Court has ever ruled that Plaintiffs' responses were improper and, therefore, that the Requests to Admit are deemed to have been admitted. If Defendants believed Plaintiffs' responses were improper or incomplete in some fashion, then their initial recourse was to bring a proper motion before the Court, which was not done. Defendants do not have the authority to unilaterally claim Plaintiffs' Responses are deemed admissions, and they cite to no case law which grants them that authority; it is solely for the Courts to decide what may or may not be deemed an admission. Without such a court order deeming any responses as admissions, the responses stand as they are. If Defendants believe Plaintiffs' Responses are insufficient in order for them to determine citizenship, then

4

without a court deeming some part of the Responses admitted, the Defendants were premature in filing their Notice to Remove.

## AMOUNT IN CONTROVERSY

With respect to the jurisdictional amount in controversy requirement, Plaintiffs in their Complaint alleged they were seeking an amount in excess of the jurisdictional limit, which is what is permitted in Illinois state courts. See, 735 ILCS 5/2-604. Given the fact plaintiffs are not required or permitted to state a specific amount of damages, the Northern District of Illinois promulgated Local Rule 81.2. Local Rule 81.2 requires that the Defendants' Notice of Removal include: 1) a statement the Defendants believe in good faith the amount in controversy exceeds $75,000.00, and 2) a response by Plaintiffs to an interrogatory or an admission by Plaintiffs to a Request to Admit concerning the amount of damages or a showing of a deemed admission by reason of a Plaintiffs' failure to serve a timely denial. The 7th Circuit in *Rubel v. Pfizer, Inc.*, 361 F.3d 1016 (7th Cir. 2004), in *dicta*, has called into question the validity of the Local Rule if a court were to understand the rule to require that both parts (1) and (2) were required. *Rubel v. Pfizer, supra*, 361 F.2d at 1020. It is Plaintiffs' position that under the *Rubel* reasoning, a court could interpret this rule's requirement to either require a defendant to obtain a concession by plaintiffs of the amount in controversy or, alternatively, provide the Defendants' statement of good faith that the jurisdictional amount has been met. This would eliminate the requirement in Local Rule 81.2 for defendants to seek an Interrogatory response or an admission from plaintiffs concerning the jurisdictional amount.

The court in *Campbell v. Bayou Steel Corporation, supra*, when addressing the issue of whether a defendant timely filed a Notice of Removal, believed that notwithstanding Local Rule

81.2(a), if a defendant receives a pleading or paper from which the amount in controversy may reasonably be ascertained, the defendant must remove the case within 30 days or not at all. *Id.*, 338 F. Supp. 2d at 902. The *Campbell* court further noted that removal statutes should be strictly construed, and any doubts regarding removability should be resolved against accepting jurisdiction. *Id.* The court concluded, "that in circumstances where a defendant can easily ascertain that the amount in controversy exceeds $75,000.00, application of LR 81.2(a) would contravene the purpose of the removal statute's 30-day timing requirement." *Id.*

In this case, information regarding the nature and extent of Plaintiff's injuries was available to Defendants well before January 18, 2005, when Plaintiffs filed their Response to the Request to Admit. Defendants acknowledge in their Notice of Removal and supporting affidavit that Plaintiffs' Complaint stated GILBERTO HERNANDEZ became permanently blind from ingesting the drug Peg-Intron, that he has spent sums of money in treatment and cannot participate in the regular duties and affairs of life. Defendants were also in possession of the Chicago Lighthouse for the Blind records on or about December 22, 2004, which confirm Plaintiff's loss of vision, his need for rehabilitation services and potential job placement. This information alone would clearly provide Defendants with a good faith basis to believe the amount in controversy exceeded $75,000.00. As of December 22, 2004, Defendants had enough information available to support a reasonable probability that the amount in controversy exceeds $75,000.00 and to seek removal. Defendants were not timely, therefore, in seeking removal.

Notwithstanding the above argument regarding the validity of Local Rule 81.2, if this court insists on strict compliance with the rule, Defendants have failed to comply. In an effort to meet the requirements of subsection 2 of the rule, Defendants submitted the aforementioned

6

Request to Admit. For the reasons indicated above, Plaintiffs timely filed their response to said Request to Admit. While objecting to the Requests on the ground that, pursuant to Illinois Supreme Court Rule 216 a Request to Admit can only seek the admission or denial of a specified relevant fact in the case and the amount in controversy is not a "specified relevant fact," Plaintiffs also set forth their reason why, at this juncture, they were unable to truthfully admit or deny the Request. Defendants did not seek by way of motion, as required in Rule 216(c), to strike Plaintiffs' Responses if they believed them to be improper, nor have Defendants filed any other discovery requests to determine information as to the amount in controversy.

Assuming strict compliance with Local Rule 81.2, as Defendants believe should be required, then they have not yet met their burden. No discovery response or response to a Request to Admit by Plaintiffs admitting that the amount in controversy exceeds $75,000.00 exist. Further, as argued above, Defendants can not unilaterally claim the Plaintiffs are deemed to have admitted the Requests. Local Rule 81.2 only discusses deemed admissions in a setting where Plaintiffs fail to timely file a denial. That is not the case here where Plaintiffs timely filed a response which has not been stricken. Therefore, under Local Rule 81.2, Defendants have not met the requirements for removal since they **must** have included one of the requirements under subsection 2, and have not.

## CONCLUSION

Defendants failed to timely file their Notice of Removal since all information necessary to determine both diversity as well as to form a good faith belief of the amount in controversy was available as of at least December 31, 2004. Said Notice should have been filed by January 30, 2005. Defendants did not file until February 11, 2005. Since removal statutes are to be

7

interpreted narrowly, if this Court has any ambiguity, it should be resolved in favor of remand. Alternatively, Defendants have not yet established all requirements necessary under the removal statute. Defendants believe Plaintiffs' citizenship, *i.e.* domicile, cannot be determined from the papers available to them. They claim that the only way to make the citizenship determination would be to have their Request to Admit deemed admitted by Plaintiffs. However, no court has ever made such a ruling to date and Defendants, under the Illinois Supreme Court Rule 216(c) would need to have that occur before any response is deemed admitted. It is certainly likely that if such a motion were brought, a court would deny it or allow leave to amend the Responses. Moreover, Defendants did not strictly comply with Local Rule 81.2 since they failed to obtain the requisite response to discovery or an admission from Plaintiffs of the amount of damages sought. Defendants failure compels remand. *See, Zeedyk v. Federal Express Corp.*, No. 03 C 9191, 2004 WL 417202 (N.D. Ill. Mar. 1, 2004).

WHEREFORE, Plaintiffs, GILBERTO HERNANDEZ and RUTH ELIZONDO, respectfully request that this Court remand this case to State Court and for any further relief it deems appropriate.

Respectfully Submitted,

By: _____
Constance R. O'Neill

PAUL B. EPISCOPE, LLC.
77 West Washington Street
Suite 300
Chicago, Illinois 60602
(312)782-6636
Atty. No. 20075